FILED
JAN 0 6 2009
DAVID CREWS, CLERK
By D. Adams
Deputy

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.

RICHARD F. "DICKIE" SCRUGGS and
BOBBY B. DELAUGHTER

CRIMINAL CASE NO. 3:09CR 002
18 U.S.C. § 2
18 U.S.C. § 371
18 U.S.C. § 666
18 U.S.C. §§ 1341 & 1346
18 U.S.C. § 1512

## INDICTMENT

The Grand Jury charges that:

At all times relevant and material to this Indictment:

1. Defendant RICHARD F. "DICKIE" SCRUGGS was an attorney licensed to practice in the State of Mississippi and a member of a private law firm, Richard F. Scruggs, P.A., known as "The Scruggs Law Firm."

2. BOBBY B. DELAUGHTER was a public officer and a duly elected official serving the State of Mississippi in the capacity of Circuit Court Judge for Hinds County, Mississippi, part of the Seventh Circuit Court District, a subdivision of the judicial branch of the State of Mississippi.

3. Under the Constitution and laws of the State of Mississippi and pursuant to the Code of Judicial Conduct and under his oath, BOBBY B. DELAUGHTER owed a duty of fair and honest services to the people of the State of Mississippi.

4. BOBBY B. DELAUGHTER was the presiding judge assigned to the case of Wilson v. Scruggs, Cause No. 251-94-582, pending for a decade in the Circuit Court of Hinds County, Mississippi, a case in which Wilson sued Scruggs, his former associate, for millions of dollars in

legal fees resulting from asbestos litigation.

5. During the summer, 2005, RICHARD F. "DICKIE" SCRUGGS asked Joseph C. Langston and the Langston Law Firm (not named as defendants herein) to take over the lead as chief counsel in the Wilson case.

## Count One

6. From on or about July, 2005 until on or about October, 2007, in the Northern District of Mississippi and elsewhere, RICHARD F. "DICKIE" SCRUGGS, defendant, Joseph C. Langston, Timothy R. Balducci, Steven A. Patterson and Ed Peters, not named as defendants herein, and Circuit Judge BOBBY B. DELAUGHTER, defendant, did knowingly and willfully conspire with each other and with others to the grand jury known and unknown to corruptly give, offer and agree to give, and in the case of Circuit Judge BOBBY B. DELAUGHTER to accept and to agree to accept for himself and others, anything of value with the intent that Circuit Judge BOBBY B. DELAUGHTER, as an agent of a state and local government, would be corruptly influenced and rewarded in connection with his handling of the Wilson case, then the business of such government and judicial agency involving a thing of value of $5,000 or more, when such government and judicial agency received in a one-year period benefits in excess of $10,000 under a federal program, in violation of Section 666 of Title 18 of the United States Code.

7. It was part of the conspiracy that Ed Peters would be used secretly and corruptly to influence his very close friend BOBBY B. DELAUGHTER and that BOBBY B. DELAUGHTER's aspirations to become a federal judge would also be exploited in order to secretly and corruptly obtain rulings from the court that while not plainly unlawful, would ultimately minimize Scruggs' financial liability and preclude his exposure to excessive damages.

8. It was further part of the conspiracy that Ed Peters, an attorney, would not officially enter an appearance as counsel of record in the case of Wilson v. Scruggs, so that his involvement on behalf of Scruggs would be unknown to the Wilson legal team.

## OVERT ACTS

9. During and in furtherance of the conspiracy and to promote and accomplish its objectives, the co-conspirators committed one or more of the following overt acts:

a. On or about July, 2005, at New Albany, Mississippi, in the Northern District of Mississippi, RICHARD F. "DICKIE" SCRUGGS asked Joseph C. Langston and the Langston Law Firm to take the lead in the case of Wilson v. Scruggs, Cause No. 251-94-582, pending in the Circuit Court of Hinds County, Mississippi, in the Southern District of Mississippi.

b. On or about August 2005, Joseph C. Langston, Timothy R. Balducci and Steven A. Patterson flew from the Northern District of Mississippi to the Southern District of Mississippi and paid Ed Peters $50,000 cash in order to procure his assistance in corruptly influencing his very close friend Circuit Judge BOBBY B. DELAUGHTER, in connection with the Wilson case.

c. On or about January 19, 2006, Joseph C. Langston and Timothy R. Balducci, lawyers with the Langston Law Firm in Booneville, Mississippi, in the Northern District of Mississippi, entered appearances as attorneys of record for RICHARD F. "DICKIE" SCRUGGS in the case of Wilson v. Scruggs, Cause No. 251-94-582, pending in the Circuit Court of Hinds County, Mississippi, in the Southern District of Mississippi.

d. On or about January 24, 2006, Judge BOBBY B. DELAUGHTER accepted a secret, ex parte communication from the Scruggs legal team, essentially reversing his earlier

3

ruling and accepting, almost verbatim, a scheduling order favorable to Scruggs.

e. On or about February 27, 2006, Judge BOBBY B. DELAUGHTER secretly provided the Scruggs legal team with an ex parte advance copy of a court order in the <u>Wilson</u> case by electronically mailing the same to Ed Peters.

f. On or about August 2005 until on or about August 2006, Ed Peters had a number of improper ex parte meetings with Judge Delaughter designed and intended to secretly influence the judge to shade his rulings in favor of Scruggs.

g. On or about August 2005 until on or about August 2006, Judge BOBBY B. DELAUGHTER secretly and corruptly communicated with the Scruggs legal team through Ed Peters, affording them a unique and valuable opportunity to foresee and attempt to influence his rulings.

h. On or about March 29, 2006, in order to exploit Judge Delaughter's aspirations to become a federal judge, RICHARD F. "DICKIE" SCRUGGS caused his brother-in-law, then a United States Senator from Mississippi, to offer Judge Delaughter consideration for appointment to a federal judgeship then open in the Southern District of Mississippi.

i. From on or about October, 2006, until on or about October, 2007, Joseph C. Langston wired approximately $950,000 from his law office in Booneville, Mississippi, in the Northern District of Mississippi, to Ed Peters for his role in corruptly influencing Circuit Judge BOBBY B. DELAUGHTER.

All in violation of Title 18, United States Code, Section 371.

### Count Two

10. The allegations contained in paragraphs 1-5 preceding Count One of this Indictment

4

are realleged and incorporated herein as though wholly set forth herein.

11. From on or about July, 2005, until on or about October, 2007, in the Northern District of Mississippi and elsewhere, RICHARD F. "DICKIE" SCRUGGS, defendant, Joseph C. Langston, Timothy R. Balducci, Steven A. Patterson, and Edward Peters, none of whom are named as defendants herein, and BOBBY B. DELAUGHTER, defendant, aided and abetted by each other, devised and executed and intended to devise and execute a scheme and artifice to defraud the plaintiff in the Hinds County Circuit Court case of <u>Wilson v. Scruggs</u>, Cause No. 251-94-582, thereby depriving the plaintiff and the citizens of the State of Mississippi of their intangible right to the honest services of Circuit Judge BOBBY B. DELAUGHTER, who as circuit court judge had a duty to perform impartially, without affording either side an unfair advantage or secret access to the court.

## THE PURPOSE OF THE SCHEME

12. The purpose of the scheme was to ensure that Scruggs enjoyed an unlawful advantage, in secret and unknown to the plaintiffs. RICHARD F. "DICKIE" SCRUGGS and his legal team consisting of Joseph C. Langston, Timothy R. Balducci and non-lawyer Steven A. Patterson devised a scheme and artifice to secretly and corruptly influence Hinds County Circuit Judge BOBBY B. DELAUGHTER by exploiting two vulnerabilities: first, his close association with former district attorney Ed Peters and, second, his known ambition to become a federal judge. Langston, Balducci and Patterson paid Ed Peters $50,000 cash and Langston later paid Peters an additional $950,000, all for the purpose of using Ed Peters to influence BOBBY B. DELAUGHTER. Additionally, RICHARD F. "DICKIE" SCRUGGS prevailed upon his brother-in-law, then a United States Senator from Mississippi, to offer Judge Delaughter consideration

Case: 3:09-cr-00002-GHD-SAA Doc #: 3 Filed: 01/06/09 6 of 8 PageID #: 8

for a federal district judgeship then open in the Southern District of Mississippi. All of this occurred as the Wilson v. Scruggs case gained intensity and proceeded to a final resolution in Judge Delaughter's court. In return, Judge Delaughter afforded the Scruggs legal team secret access to the court by way of Ed Peters, forwarding them advance copies of his rulings and proposed orders on issues before the court and on one occasion accepting from the Scruggs legal team a scheduling order favorable to Scruggs, which the court then adopted, almost verbatim.

## USE OF THE MAIL

13. On or about January 19, 2006, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud in the Northern District of Mississippi and elsewhere, defendant RICHARD F. "DICKIE" SCRUGGS, aided and abetted by other non-defendants named but not charged herein, and Circuit Judge BOBBY B. DELAUGHTER, defendant, knowingly caused to be deposited in a post office or other authorized depository for mail matter in the Northern District of Mississippi to be delivered by the Postal Service according to the directions thereon, Joseph C. Langston's and Timothy R. Balducci's Entry of Appearance for filing in the Hinds County Circuit Court case of Wilson v. Scruggs, Cause No. 251-94-582.

All in violation of 18 U.S.C. §§ 2, 1341 and 1346.

**Count Three**

14. The allegations contained in paragraphs 1-5 and in paragraphs 10-12 of this indictment are realleged and incorporated herein as though wholly set forth herein.

15. On or about February 27, 2006, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud in the Northern District of Mississippi and

elsewhere, defendant RICHARD F. "DICKIE" SCRUGGS, aided and abetted by other non-defendants named but not charged herein, and Circuit Judge BOBBY B. DELAUGHTER, defendant, knowingly caused to be deposited in a post office or other authorized depository for mail matter to be delivered by the Postal Service in the Northern District of Mississippi according to the directions thereon, Circuit Judge BOBBY B. DELAUGHTER's "Memorandum Opinion and Order Adopting in Part and Rejecting in Part Special Master's Report and Recommendation of January 9, 2006" in the Hinds County Circuit Court case of Wilson v. Scruggs, Cause No. 251-94-582.

All in violation of 18 U.S.C. §§ 2, 1341 and 1346.

### Count Four

16. The allegations contained in paragraphs 1-5 and in paragraphs 10-12 of this indictment are realleged and incorporated herein as though wholly set forth herein.

17. On or about July 7, 2006, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud in the Northern District of Mississippi and elsewhere, defendant RICHARD F. "DICKIE" SCRUGGS, aided and abetted by other non-defendants named but not charged herein, and Circuit Judge BOBBY B. DELAUGHTER, defendant, knowingly caused to be deposited in a post office or other authorized depository for mail matter to be delivered by the Postal Service in the Northern District of Mississippi according to the directions thereon, Circuit Judge BOBBY B. DELAUGHTER's "Order Quantifying Moneys Due Plaintiffs from Defendants" in the Hinds County Circuit Court case of Wilson v. Scruggs, Cause No. 251-94-582.

All in violation of 18 U.S.C. §§ 2, 1341 and 1346.

## Count Five

18. On or about December 10, 2007, in the Northern District of Mississippi and elsewhere, BOBBY B. DELAUGHTER, defendant, did corruptly attempt to obstruct, influence and impede an official proceeding, that is, while being interviewed by FBI agents in connection with an official federal corruption investigation and grand jury proceeding, he stated that he "never spoke to Ed Peters regarding . . . ." substantive issues related to the case of Wilson v. Scruggs, at a time when said case was pending in his court, when in truth and fact he had corruptly discussed with Ed Peters substantive issues in the Wilson v. Scruggs case on numerous occasions and knew Peters was secretly acting on behalf of Scruggs' lawyers in an attempt to gain favorable rulings for Scruggs, at a time when Peters was not counsel of record, all in violation of Title 18, United States Code, Section 1512(c)(2).

**A TRUE BILL**

_/s/ SIGNATURE REDACTED_
**FOREPERSON**

_____
**UNITED STATES ATTORNEY**