UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**FILED**

FEB 1 0 2009

DAVID CREWS, CLERK
By_____ Deputy

UNITED STATES OF AMERICA

v.    CRIMINAL NO. 3:09CR 02

RICHARD F. "DICKIE" SCRUGGS

### PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. **GUILTY PLEA.** The defendant agrees to waive indictment and plead guilty under oath to the attached one-count Information, which charges that he, along with others, used the United States mail in a scheme to deprive the citizens of the State of Mississippi of the honest services of a circuit judge, and which carries maximum possible penalties of 20 years imprisonment, $250,000 fine, 3 years supervised release, and a mandatory special assessment of $100; all in violation of Title 18, United States Code §§ 1341 & 1346.

2. **OTHER CHARGES.** The United States agrees not to charge the defendant with any other offenses arising from or related to the charges set forth in the indictment and agrees to ask the Court to dismiss the pending indictment as it relates to Mr. Scruggs at sentencing.

3. **SENTENCE.** Pursuant to Rule 11((c)(1)(C), the government and the defense agree that 7 years imprisonment, concurrent to the 5-year sentence the defendant is presently serving in

the United States v. Scruggs, Cause No. 3:07CR192-001, is the appropriate sentence in this case. Likewise, it is agreed that any term of supervised release imposed herein shall be served concurrently with the term of supervised release previously imposed in United States v. Scruggs, Cause No. 3:07CR192-001. The parties agree that restitution is not appropriate because of pending civil litigation. Should the Court not accept this plea agreement, the parties hereby agree that the defendant will not be bound by the plea agreement and may withdraw his plea.

4. **POLYGRAPH**. The defendant agrees to submit to polygraph examination(s), if requested by the United States Attorney, by a federal polygraph examiner designated by the U.S. Attorney.

5. **SPECIAL ASSESSMENT AND FINANCIAL PENALTIES**. The defendant agrees pursuant to 18 U.S.C. § 3013 to pay to the Clerk of the U. S. District Court prior to sentencing in this case the mandatory $100 assessment fee for each count to which he pleads guilty, which is by law in addition to any other penalty imposed. There is no agreement as to a fine, which rests within the sound discretion of the Court. Other than whatever fine the Court deems appropriate, there shall be no financial penalties or forfeitures, as there is no statutory authority for doing so.

6. **COOPERATION**. The United States Attorney reserves the right, in his sole discretion, to move the Court pursuant to Rule 35 for a reduction of sentence in the event that the defendant cooperates and the United States Attorney determines that his cooperation has risen to the level of substantial assistance. No testimony or other information provided by the defendant in connection with his cooperation, or any information directly or indirectly derived from such testimony or other information, may be used against the defendant in any criminal case, except a prosecution for perjury or giving a false statement.

7. **RECOMMENDATION OF REDESIGNATION**. The parties agree and jointly request that the Court recommend to the Bureau of Prisons that the defendant be transferred and redesignated to a nearby facility such as the Federal Prison Camps at Forrest City, Arkansas.

8. **PRESENTENCE REPORT**. The defendant requests that the presentence report prepared in United States v. Scruggs, Cause No. 3:07CR192-001, be incorporated into the record in this case. The defendant further requests that the Court find, pursuant to the U. S. Sentencing Guidelines, Section 6A1.1(a)(2), that a new presentence report need not be prepared, because the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the defendant requests that the Court explain this finding on the record. Finally, the defendant requests that his sentence be imposed immediately. The government has no objection to expediting sentencing as hereinabove set forth.

9. **OTHER AUTHORITIES**. This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws.

10. **ACKNOWLEDGMENTS: NO OTHER AGREEMENTS; DEFENDANT IS IN FACT GUILTY**. Except as set forth in this agreement, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty. This agreement fully reflects all promises, agreements and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty of the charges.

The foregoing constitutes the only plea agreement between the parties.

This the 9th day of February, 2009.

_____
JIM M. GREENLEE
UNITED STATES ATTORNEY
Mississippi Bar No. 5001

AGREED AND CONSENTED TO:

_____
RICHARD F. "DICKIE" SCRUGGS, Defendant

APPROVED:

_____
JOHN KEKER, Attorney for Defendant