UNITED STATES DISTRICT COURT

**FILED**

FEB 1 0 2009

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

DAVID CREWS, CLERK
By⎯⎯⎯⎯⎯⎯⎯
Deputy

UNITED STATES OF AMERICA

v.

CRIMINAL CASE NO. 3:09CR 02

18 U.S.C. §§ 1341 & 1346

RICHARD F. "DICKIE" SCRUGGS

18 U.S.C. § 2

## INFORMATION

The United States Attorney charges that:

**Count One**

At all times relevant and material to this Information:

1. Defendant RICHARD F. "DICKIE" SCRUGGS was an attorney licensed to practice in the State of Mississippi and a member of a private law firm, Richard F. Scruggs, P.A., known as "The Scruggs Law Firm."

2. The Public Official was a public officer and a duly elected official serving the State of Mississippi in the capacity of Circuit Court Judge for Hinds County, Mississippi, part of the Seventh Circuit Court District, a subdivision of the judicial branch of the State of Mississippi.

3. Under the Constitution and laws of the State of Mississippi and pursuant to the Code of Judicial Conduct and under his oath, the Public Official owed a duty of fair and honest services to the people of the State of Mississippi.

4. The Public Official was the presiding judge assigned to the case of Wilson v. Scruggs, Cause No. 251-94-582, pending for a decade in the Circuit Court of Hinds County, Mississippi, a case in which Wilson sued Scruggs, his former associate, for millions of dollars in legal fees resulting from asbestos litigation.

5. During the summer, 2005, RICHARD F. "DICKIE" SCRUGGS asked Joseph C. Langston and the Langston Law Firm (not named as defendants herein) to take over the lead as chief counsel in the Wilson case.

6. From on or about July, 2005, until on or about October, 2007, in the Northern District of Mississippi and elsewhere, RICHARD F. "DICKIE" SCRUGGS, defendant, Joseph C. Langston, Timothy R. Balducci, Steven A. Patterson, and Edward Peters, none of whom are named as defendants herein, aided and abetted by each other, devised and executed and intended to devise and execute a scheme and artifice to deprive the citizens of the State of Mississippi of their intangible right to the honest services of the Public Official, who as circuit court judge had a duty to perform impartially, without affording either side an unfair advantage or secret access to the court.

## THE PURPOSE OF THE SCHEME

7. The purpose of the scheme was to ensure that Scruggs enjoyed an unlawful advantage, in secret and unknown to the plaintiffs. RICHARD F. "DICKIE" SCRUGGS and his legal team consisting of Joseph C. Langston, Timothy R. Balducci and non-lawyer Steven A. Patterson devised a scheme and artifice to secretly and corruptly influence the Public Official by exploiting two vulnerabilities: first, his close association with former district attorney Ed Peters and, second, his known ambition to become a federal judge. Langston, Balducci and Patterson paid Ed Peters $50,000 cash and Langston later paid Peters an additional $950,000, all for the purpose of using Ed Peters to influence the Public Official. Additionally, RICHARD F. "DICKIE" SCRUGGS contacted his brother-in-law, then a United States Senator from Mississippi, to recommend the Public Official for consideration for a federal district judgeship then open in the Southern District of Mississippi. All of this occurred as the Wilson v. Scruggs case gained

intensity and proceeded to a final resolution in the Public Official's court.

## USE OF THE MAIL

8.  On or about January 19, 2006, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud in the Northern District of Mississippi and elsewhere, defendant RICHARD F. "DICKIE" SCRUGGS, aided and abetted by other nondefendants named but not charged herein, knowingly caused to be deposited in a post office or other authorized depository for mail matter in the Northern District of Mississippi to be delivered by the Postal Service according to the directions thereon, Joseph C. Langston's and Timothy R. Balducci's Entry of Appearance for filing in the Hinds County Circuit Court case of Wilson v. Scruggs, Cause No. 251-94-582.

All in violation of 18 U.S.C. §§ 2, 1341 and 1346.

UNITED STATES ATTORNEY