UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:09CR002-D

RICHARD F. "DICKIE" SCRUGGS

**GOVERNMENT'S COMBINED MEMORANDUM OF AUTHORITY
AND RESPONSE TO PETITIONER RICHARD F. SCRUGGS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and in response to "Petitioner's Motion for Judgment on the Pleadings" would respectfully show unto the Court as follows, to-wit:

1.

The Petitioner first claims that the government has abandoned the 18 U.S.C. § 666 bribery counts set forth in the original indictment, following the Fifth Circuit Court of Appeals' decision in Whitfield v. U.S., 590 F.3d 325 (5th Cir. 2009). Petitioner then avers that the government's theory of honest services fraud was vitiated by the Supreme Court's decision in Skilling v. U.S., 130 S. Ct. 2896 (2010), and finally the petitioner concludes that he is entitled to a judgment on the pleadings, arguing that his actions were protected by the First Amendment, and ratified by the government's perceived refusal to " . . . even address the First Amendment issues . . . ." Once again, the government respectfully disagrees.

Ruling on a motion to dismiss filed in this case by the petitioner's co-defendant, Bobby DeLaughter, this Court denied the motion, holding that the indictment sufficiently alleged bribery and noting that consideration for a federal judgeship is clearly a thing of value (Doc. #

67). For the petitioner to argue that the First Amendment protects his "right" to bribe a judge is ludicrous. His argument is sophomoric and deserves little response, but suffice to say the First Amendment does not shield a defendant in a bribery prosecution, where the exercise of otherwise protected speech was part of a *quid pro quo*, in exchange for corrupt rulings by the court. Clearly, any citizen has a right to recommend a state judge for appointment to the federal bench. He may even do so while he has litigation pending before that judge, but what he cannot do, and what the First Amendment does not protect, is exercising otherwise protected speech as part of a *quid pro quo*, in exchange for secret access to the Court or corrupt consideration in a matter then before the court. By analogy, nothing prohibits a citizen from giving a judge money. What would make the gift or donation criminal would be the existence of a *quid pro quo*, the money being in exchange for corrupt influence, secret access or corrupt rulings. The "Government's Combined Memorandum of Authority and Response in Opposition to Richard F. "Dickie" Scruggs' Motion to Vacate Conviction Pursuant to 28 U.S.C. 2255" establishes the *quid pro quo* and that clearly makes criminal what might otherwise be the legitimate exercise of petitioner's First Amendment rights. Once the *quid pro quo* is established, what might otherwise be protected speech becomes clearly criminal.

Authorities cited by the petitioner in his Motion for Judgment on the Pleadings do not survive scrutiny. First he cites the Seventh Circuit Court of Appeals' decision in <u>United States v. Thompson</u>, 484 F.3d 877 (7th Cir. 2007), cherry picking a line from that decision holding that it would be "preposterous" to prosecute an endorsement made for the purpose of influencing a governor to veto a bill. A more careful analysis of the <u>Thompson</u> decision reveals that it solidly supports the government's position on this issue:

> The jury also learned that Craig Adelman, one of the principal owners and managers of Adelman Travel, supported Wisconsin's governor and made contributions to his campaign both before and after Adelman Travel was selected for this contract. <u>The prosecution does not contend, however, that any of these contributions was unlawful – they were properly disclosed, and no *quid pro quo* was entailed.</u>

Thompson, p. 779 (emphasis added). Thompson was a section chief in Wisconsin's Bureau of Procurement. She may well have had political reasons for wanting Adelman Travel to be awarded its lucrative contract, but there was no evidence that she violated Wisconsin law, had any *quid pro quo* understanding with Adelman Travel, or directly benefitted from awarding the contract to Adelman. The case is simply nothing like the case *sub judice* and has little precedential value. To the extent that it does apply, it solidly supports the government's position in this case.

The petitioner alleges that his prosecution " . . . shows a quite real problem of discriminatory enforcement . . . ."[1] That allegation has no basis in fact, and the only legal authority he offers is the case of Brooks Blitch III, citing an Associated Press article of September 29, 2011. However, Blitch's 28 U.S.C. § 2255 petition (attached hereto) and the government's response (also attached hereto) clearly distinguish Blitch from the case *sub judice*. In his motion, Blitch asserted that "in this instance, <u>it is without dispute</u> that Mr. Blitch <u>did not receive any sort of bribe, personal benefit or kickback in relation to Count 9</u>. As such, his conviction for honest services fraud must be vacated and set aside . . . ." (Blitch's 28 U.S.C. § 2255 Petition, p. 9) (emphasis added) Because only paradigmatic bribes and kickbacks survive Skilling, the government was clearly obliged to concede his petition to vacate. Without a

---

[1]Petitioner's Motion for Judgment on the Pleadings, p. 6.

paradigmatic bribe or kickback, <u>Blitch</u> is nothing like the case *sub judice*, leaving one to wonder why it was even cited by the petitioner.

This Court's previous decision, holding that the indictment sufficiently alleged bribery and holding that a federal judgeship is clearly a thing of value, coupled with the evidence highlighted in the government's response to the petitioner's motion to vacate, clearly establish that the petitioner did far more than merely engage in political speech, protected by the First Amendment. He and the attorneys representing him in <u>Wilson v. Scruggs</u> clearly used the lure of a federal judgeship to corrupt Circuit Judge Bobby DeLaughter, gaining secret access to the court, obtaining favorable rulings on a number of preliminary matters, and finally obtaining a quantification order from the court that was unsupported by the evidence in the case but which gave team Scruggs a multi-million-dollar win over plaintiff Bob Wilson. What might otherwise have been protected speech simply became the predicate for a criminal act.

## Conclusion

The existence of a *quid pro quo* creates a paradigmatic bribe that survives <u>Skilling</u>. That same *quid pro quo* converts otherwise protected speech into a criminal act. By establishing the *quid pro quo*, the government has fully answered the petitioner's motion to vacate and set aside. However, the government does agree with the petitioner that the case is ripe for the Court's final consideration and adjudication. Both sides agree that the pleadings and the record before the Court are sufficient; no evidentiary hearing is required, and the Court can and should decide the case on the existing record. Accordingly, defendant's motion for judgment on the pleadings

should be denied.

                                                  Respectfully submitted,

                                                  FELICIA C. ADAMS
                                                  United States Attorney


                                                  By: */s/ Robert H. Norman*
                                                      ROBERT H. NORMAN
                                                  Assistant United States Attorney
                                                  Mississippi Bar No. 3880

## CERTIFICATE OF SERVICE

I, ROBERT H. NORMAN, Assistant United States Attorney, hereby certify that I electronically filed the foregoing **GOVERNMENT'S COMBINED MEMORANDUM OF AUTHORITY AND RESPONSE TO PETITIONER RICHARD F. SCRUGGS' MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Honorable David Lee Martin
lm@mikemoorelawfirm.com

Honorable Michael C. Moore
mm@mikemoorelawfirm.com

Honorable Michael C. Rader
mrader@bflawfirm.com

Honorable Edward D. Robertson, Jr.
chiprob@earthlink.net

This the 3rd day of November, 2011.

/s/ Robert H. Norman
ROBERT H. NORMAN
Assistant United States Attorney