IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:09-CR-00002-GHD-SAA

RICHARD F. "DICKIE" SCRUGGS  DEFENDANT

ORDER DENYING PETITIONER'S ALTERNATIVE
MOTION FOR LIMITED DISCOVERY

Presently before the Court is the alternative motion for limited discovery [153] filed by Petitioner, Richard F. "Dickie" Scruggs ("Petitioner"). The Court has reviewed the motion and is of the opinion that the same is not well taken and shall be denied.

The indictment [3] against Petitioner was filed under seal on January 6, 2009. A plea agreement [11] was filed on February 10, 2009. A change of plea proceedings [15] was held before the Court that same day. Then, on June 23, 2011, Petitioner filed his motion to vacate pursuant to 28 U.S.C. § 2255 [125] on June 23, 2011. Petitioner has since filed a motion to clarify the record concerning issues relevant to his motion to vacate [144] on October 4, 2011, and a motion for judgment as a matter of law on the pleadings [145] on October 17, 2011, which was denied by this Court. Petitioner filed this alternative motion for limited discovery [153] on November 11, 2011. The Government filed its response in opposition [155] on November 17, 2011. Petitioner filed his reply to the Government's response [156] on November 21, 2011.

Petitioner maintained that if the Court denied Petitioner's motion for judgment on the pleadings, discovery would be warranted concerning the issue of whether a paradigmatic bribe existed between Judge Bobby DeLaughter and Petitioner's agents. Petitioner maintained that such discovery would be necessary because the critical actors refused to discuss the case with

Petitioner's counsel without being compelled to do so. Specifically, Petitioner stated he seeks such discovery to develop facts concerning the lure of the federal judgeship, the secret access Judge DeLaughter provided to the Scruggs team during the pendency of *Wilson v. Scruggs*, and corrupt rulings or orders by Judge DeLaughter in that case.

Discovery on a 28 U.S.C. § 2255 motion is in the full discretion of the Court pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. According to Rule 6, "[a] judge *may, for good cause*, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rules Governing § 2255 Cases, Rule 6(a) (emphasis added). This special rule governing § 2255 actions makes clear the Court may only grant such a request in its discretion for good cause shown. "A federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief." *United States v. Webster*, 392 F.3d 787, 801–02 (5th Cir. 2004) (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)). *See id.* (denying application for certificate of appealability on, *inter alia*, issue of whether district court erred in denying petitioner's request for discovery, holding petitioner failed to "allege a single factual dispute, which, if resolved in his favor, would entitle him to relief"). "Conclusional allegations are insufficient to warrant discovery." *Id.* (internal citation omitted). This Court does not permit a party to conduct discovery in a § 2255 action "to explore his case in search of its existence." *Ward*, 21 F.3d at 1367 (internal quotation marks and citation omitted).

The Government argues that Petitioner has failed to demonstrate good cause for discovery, maintaining that Petitioner's counsel conducted informal discovery prior to Petitioner's guilty plea. Certainly, a petitioner bringing a § 2255 action is not entitled to the

parameters of discovery he would be entitled to in trial. At the time Petitioner entered his plea of guilty, Petitioner informed the Court under oath that he had had ample time to fully discuss his case with his counsel and that he was "more than satisfied" with their representation. By entering his plea of guilty, Petitioner acknowledged he was waiving his right to trial, which included an opportunity to obtain, offer, and refute additional evidence.

The Government additionally contends that almost every witness in this case has testified under oath and that the Court has access to this critical testimony. Indeed, the Court has access to the testimony of all principals through deposition testimony, grand jury testimony, or plea proceedings under Rule 11 of the Federal Rule of Civil Procedure. Accordingly, the Court is of the opinion further discovery is not necessary. Petitioner may at the evidentiary hearing, with subpoena power, present his proof relative to the allegations of his petition.

THEREFORE, it is hereby ORDERED that Petitioner's motion for limited discovery [153] is DENIED.

ORDERED, this the 27th of December, 2011.

_Glen H. Davidson_
SENIOR JUDGE