UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  NO. 3:09CR002-GHD

RICHARD F. SCRUGGS

## PETITIONER'S MOTION IN LIMINE
## REGARDING THE TESTIMONY OF BOBBY DELAUGHTER

Petitioner respectfully requests that this Court compel the Government to make Mr. Bobby DeLaughter available to give substantive testimony in this case.

As this Court knows, the Government has aggressively used the strategy of offering things of value to witnesses, in order to secure their testimony in this case. For example, the Government granted Ed Peters immunity as a quid pro quo for his testimony against Bobby DeLaughter and Richard Scruggs in this case. This occurred even though Mr. Peters initially denied meeting with Bobby DeLaughter, a denial that was simply not true. DeLaughter's statements to the FBI regarding his contact with Peters were arguably less egregious. Nevertheless, DeLaughter went to jail for the very obstruction of justice in which Peters had also initially engaged. Peters received immunity.

Under the Court's order setting the hearing in this case, one issue is whether Mr. DeLaugher made an illicit agreement with Petitioner. The person who has direct knowledge to answer this question is Bobby DeLaughter himself. Through his counsel, Mr. DeLaughter has indicated that he will invoke the Fifth Amendment and refuse to provide any substantive testimony. The Government could, of course, remedy that situation by giving Mr. DeLaughter immunity, so that his testimony could not be used against him. That would leave the Government no worse off than it is now. After all, the Government

1

previously dismissed all charges of bribery or honest services fraud, even before *Skilling*, and has otherwise had more than five years to prosecute Mr. DeLaughter for any crimes that he committed while serving as a judge.

The Government has made no offer of immunity to Mr. DeLaughter as part of this Court's search for the truth in this case. By failing so to act, the Government can continue to hold criminal jeopardy over Mr. DeLaughter, assure his silence, and deprive Petitioner and this Court of DeLaughter's truthful testimony. While on the one hand giving Mr. Peters incentives to testify favorably to the Government, it implicitly threatens Mr. DeLaughter so that he dare not testify unfavorably.

Several federal circuit courts have held that district courts either have the inherent power to grant immunity themselves, or may in certain situations compel the prosecutors to do so, recognizing that due process and fairness are impinged by a lopsided trial where the Government gets to pick and choose who (if anyone) will testify for the defendant. "The fact-finding process may be so distorted through the prosecution's decisions to grant immunity to its own witness while denying immunity to a witness with directly contradictory testimony that the defendant's due process right to a fair trial is violated." *United States v. Wilkes*, 662 F.3d 524 (9th Cir. 2011). *Likewise see, Government of Virgin Islands v. Smith*, 615 F.2d 964 (3d Cir.1980) ("judicial immunity is triggered, not by prosecutorial misconduct or intentional distortion of the trial process, but by the fact that the defendant is prevented from presenting exculpatory evidence which is crucial to his case."). When one side gets to unilaterally decide whether the other side's witnesses will give substantive testimony, it undermines fairness and the search for the truth.

The Fifth Circuit has held open the possibility that the "Constitution may in some extraordinary circumstances require either defense witness immunity or some remedial action by a district court to protect a defendant's right to a fair trial." *U.S. v. Chagra*, 669 F.2d 241 (5th Cir. 1982). Petitioner requests such relief here, as necessary to prevent the government from unfairly skewing the facts presented to this Honorable Court. Admittedly, the Fifth Circuit has not yet found a case in which the court should force immunity for a defense witness. The courts have been concerned that compelling the Government to immunize a witness treads on the Constitutional separation of powers, and if the court exercised its own such powers, it would somehow undermine the values behind that separation. *Id.*

Accordingly, Petitioner also requests other relief that avoids any such problems. First, Petitioner requests that this Court utilize an adverse inference against the Government, if it refuses to make Bobby DeLaughter available to provide substantive testimony. It is clear that a defendant's silence cannot be used against him in a criminal matter. *See Beathard v. Johnson*, 177 F.3d 340, 350 (5th Cir.1999). A witnesses' silence can, however, be used against others. In *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661 (5th Cir.1999), an individual representing a corporate defendant invoked his Fifth Amendment rights and refused to testify. In the civil trial against the corporate defendant, the trial court excluded the witnesses' invocation of his rights, holding that it would be unduly prejudicial. The Fifth Circuit reversed, holding that the probative value of the witness's refusal to testify was too high to exclude, and doing so represented an abuse of discretion. *Id.* at 674–75. *See also Hinojosa v. Butler*, 547 F.3d 285, 293 (5th Cir. 2008) (reviewing *Curtis*, and holding that an adverse inference was also applicable in *Hinojosa*). Likewise, in

3

*F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 45 F.3d 969, 978 (5th Cir. 1995), the Court held that it was proper to "allow a non-party's invocation of the Fifth Amendment to be used against a party [even] when that non-party is neither an agent nor an employee, officer, director or voting member of the party. "

In this case, Petitioner is not requesting an inference that DeLaughter is guilty of some crime. The Fifth Circuit has emphasized that "that the innocent may invoke" the privilege as well. *Id.*, at 294 (quoting *Farace v. Independent Fire Insurance Co*., 699 F.2d 204 (5th Cir.1983)). Instead an adverse inference recognizes that the Government holds the keys as to whether DeLaughter testifies substantively, and if the Government refuses to make them available to do so, that decision reflects the Government's calculation that the testimony will be unfavorable to the Government. The requested inference is rather modest in this case, because the Government has already admitted as much, writing that "in fairness, Bobby DeLaughter would testify there was no quid pro quo and he would say he did not allow himself to be corruptly influenced." Gov't Opp to Petition, at 3.

This Court should thus infer that DeLaughter's testimony would exculpate Petitioner. "This circuit has long recognized that a party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party." *United States v. Wilson*, 322 F.3d 353, 363 (5th Cir. 2003). In *Coyle Lines, Inc. v. United States*, 195 F.2d 737, 741-42 (5th Cir.1952), the Court "found a 'particularly strong' adverse inference from the Government's failure to call employee-witnesses who would have supplied direct testimony regarding the subject matter of the lawsuit." *Wilson*, 322 F.3d at 363.

4

Petitioner simply desires that this Court's hearing be based on a full and fair exposition of the facts by all the knowledgeable witnesses, so that this Court can get at the truth. The Government's current l position is standing in the way of that goal. Petitioner hopes that this Court's ruling to impose an adverse inference will cause the Government to be more cooperative and thereby make Mr. DeLaughter available for substantive testimony. If that fails, this Court should compel the immunization of Mr. DeLaughter.

Respectfully submitted 7th day of March, 2012.

/s/Edward D. Robertson, Jr.
Edward D. Robertson, Jr. (pro hac vice)
Michael C. Rader, MB#100205
BARTIMUS FRICKLETON ROBERTSON & GORNY
11150 Overbrook Road, Suite 200
Leawood, KS 66211
913-266-2300
Email: mrader@bflawfirm.com
Bartimus, Frickleton, Robertson & Gorny, P.C.
715 Swifts Highway
Jefferson City, Missouri 65109
573-659-4454
573-659-4460 (fax)
chiprob@earthlink.net
mrader@bflawfirm.com

Mike Moore, MB#3452
MIKE MOORE LAW FIRM, LLC
10 Canebrake Blvd., Suite 150
Flowood, MS 39232
601-933-0070
mm@mikemoorelawfirm.com

CERTIFICATE OF SERVICE

I, Edward D. Robertson, Jr., hereby certify that on March 7, 2012, I served copies of this Motion to the Office of the United States Attorney for the Northern District of Mississippi by way of the Electronic Court Filing (ECF) system.

/s/ Edward D. Robertson, Jr.