UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL CASE NO. 3:09-CR-00002-GHD

RICHARD F. "DICKIE" SCRUGGS                                       DEFENDANT

MEMORANDUM OPINION GRANTING BAIL PENDING APPEAL

Presently before the Court is the Petitioner's motion for release pending appeal [224] relative to his appeal of this Court's Order and opinion dated May 23, 2012 [217 and 218], wherein the Court ruled that the Petitioner was not entitled to relief on his motion to vacate his conviction filed pursuant to 28 U.S.C. § 2255. Upon reviewing the motion, response, reply, rules, and authorities, the Court is of the opinion that the motion for release pending appeal is well taken and should be granted. The Court will first address the issue of its jurisdiction to rule on the motion and will then address the merits of the motion.

*A. Jurisdiction*

Although the parties in the case *sub judice* seemingly agree that this Court may exercise subject matter jurisdiction over the present motion, subject matter jurisdiction does not exist merely because the parties to an action agree it does. *See, e.g., Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011) (parties "cannot bestow subject matter jurisdiction on federal courts by waiver or consent"). It is well settled that "[j]urisdiction cannot be waived, and it is the duty of a federal court first to decide, *sua sponte* if necessary, whether it has jurisdiction before the merits of the case can be addressed." *Filer v. Donley*, 690 F.3d 643, 646 (5th Cir. 2012) (internal citation omitted); *see also Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884).

1

A district court retains jurisdiction to consider a motion for bail pending appeal that is filed prior to the perfection of the appeal. However, the district court generally lacks jurisdiction to consider a postjudgment motion filed by the petitioner after the appeal has been perfected, unless such motion is in aid of his pending appeal. *See United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir. 1979) (internal citations omitted) ("The filing of a timely and sufficient notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals. The district court is divested of jurisdiction to take any action with regard to the matter except in aid of the appeal."); *see also United States v. Dolenz*, 229 F.3d 1147, 2000 WL 1239090, at *2 (5th Cir. 2000) (per curiam) (citing *Hitchmon*) (district court lacked jurisdiction to rule on petitioner's postjudgment motions, which were filed after the notice of appeal and were not in aid of petitioner's pending appeal).

In the case *sub judice*, the Petitioner filed his motion for bail pending appeal in the district court on October 29, 2012—nearly five months after his notice of appeal was entered on May 31, 2012. Because the Petitioner filed his motion several months after the appeal was perfected, this Court only has jurisdiction to consider the motion if the motion is "in aid of his pending appeal." The Fifth Circuit has entertained the possibility that a motion for bail pending appeal could be in aid of a petitioner's pending appeal, and thus, that the district court may have jurisdiction to rule on such a motion even after the appeal has been perfected. *See Dolenz*, 2000 WL 1239090, at *2.[1] However, case law in the circuit otherwise provides little guidance in this area.

---

[1] This Court notes that based on its review of the pertinent case law in the Fifth Circuit, it appears to be the more common practice for a petitioner to file a motion for bail pending appeal post-notice of appeal in the Fifth Circuit, not in the district court. *See, e.g., Cotton v. Keffer*, No. 11–10918, 2012 WL 1623577 (5th Cir. May 9, 2012); *United States v. Booker*, 645 F.3d 328 (5th Cir. 2011); *Hunter v. U.S. Parole Com'n*, 406 F. App'x 879 (5th Cir. 2010); *Koskella v. Bragg*, 396 F. App'x 68 (5th Cir. 2010); *Dockery v. Driver*, 364 F. App'x 88 (5th Cir. 2010); *United States v. Jefferson*, 225 F. App'x 264 (5th Cir. 2007); *United States v. Smith*, 137 F.3d 1351 (5th Cir. 1998); *Parton v. Conner*, 131 F.3d 141 (5th Cir. 1997); *United States v. Mata*, 95 F.3d 47 (5th Cir. 1996).

The Federal Rules of Appellate Procedure provide some guidance. Rule 9 of the Federal Rules of Appellate Procedure governs the appeal from a bail decision made before the judgment of conviction, that is, before sentencing, *see* FED. R. APP. P. 9(a), and review of bail decisions made after the judgment of conviction, that is, after sentencing, *see* FED. R. APP. P. 9(b). The rule further details the criteria courts must consider in making the determination of whether to release the defendant. *See* FED. R. APP. P. 9(c). Prior to 1994, the first sentence of Rule 9(b) stated that "[a]pplication for release after a judgment of conviction shall be made in the first instance in the district court." FED. R. APP. P. 9(b) (1984) (amended 1994). Although the rule has since been amended for form and clarity, the substance of the rule remains unchanged. Rule 9(b) now states that a party may seek review of a "district-court order regarding release after a judgment of conviction," thus contemplating that the district court will make the initial decision on release of the prisoner pending appeal. The Advisory Committee Notes accompanying Rule 9 concerning its 1967 adoption make clear that "the initial determination of whether a convicted defendant is to be released pending the appeal is to be made by the district court." *Accord United States v. Hochevar*, 214 F.3d 342, 343–44 (2d Cir. 2000) (initial motion ideally ruled on by district court, though court of appeals may rule on motion filed after notice of appeal); *United States v. Affleck*, 765 F.2d 944, 954 (10th Cir. 1985) (pre-1994 amendment rule indicates district court is in better position to evaluate initial motion for bail pending appeal and rule aids in appeal process by requiring district court to make written findings and conclusions); *Jago v. U.S. Dist. Court, N. Dist. of Ohio*, 570 F.2d 618, 623 (6th Cir. 1978) ("Release pending an appeal must be first sought in the district court even after an appeal has been noted from the judgment of conviction.").

This Court is of the opinion that, based on the foregoing, the district court can aid in the Petitioner's pending appeal by ruling on the present motion. Thus satisfied of its jurisdiction concerning the present motion, the Court now turns to the merits of the motion.

*B. Merits*

To prevail on a motion for bail pending appeal, a petitioner must establish the four factors laid out in 18 U.S.C. § 3143(b). *See* FED. R. APP. P. 9(c). Section 3143(b) provides that the prisoner must be detained pending his appeal unless the court finds by clear and convincing evidence

(1) that he is not likely to flee or pose a danger to the safety of others;

(2) that the appeal is not for purposes of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment.

*United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990) (citing FED. R. APP. P. 9(c) and interpreting 18 U.S.C. § 3143(b)).

The Court agrees with the Petitioner that he does not pose a flight risk or danger to others and that his appeal has not been taken for the purposes of delay. The Court further finds that the Petitioner's appeal raises a substantial question of law or fact. As the Court acknowledged in the Certificate of Appealability [220], the Petitioner's appeal raises a substantial question of law or fact: whether or not the Petitioner proved he was "actually innocent" of honest services fraud in light of the holding in *Skilling v. United States*, ___ U.S. ___, 130 S. Ct. 2896 (June 24, 2010). The Petitioner maintains he is "actually innocent" of the crime to which he pled guilty, honest

4

services fraud, because his conduct did not constitute a paradigmatic bribe or kickback as defined by *Skilling, supra*. The Court further finds that if the Petitioner's substantial question is decided in his favor on appeal, the result would likely be reversal of his conviction.

Accordingly, the Petitioner's motion for bail pending appeal [224] is GRANTED for the reasons stated above. The Petitioner shall be released on a $2 million secured bond pending the outcome of his appeal to the United States Court of Appeals for the Fifth Circuit. The bond shall be with good and sufficient sureties to be approved by the Clerk of this Court. The bond conditions will be set forth more specifically in a separate Order that will issue forthwith.

THIS, the 26th day of November, 2012.

/s/ Glen H. Davidson
SENIOR JUDGE